| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:24-CR-00444 |
| | § | |
| DERRICK ALEXANDER BARNUM | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney

for the Southern District of Texas, and Anthony R. Franklyn, Assistant United States Attorney,

and the Defendant, Derrick Alexander Barnum ("Defendant"), and Defendant's counsel, Alain

Jayoma, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they

have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.       Defendant agrees to plead guilty to Counts 1, 2 and 4 of the Superseding Criminal

Indictment. Count 1 charges Defendant with **Distribution of Child Pornography** in violation of

Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1). Count 2 charges Defendant with

**Sexual Exploitation of Children**, in violation of Title 18, United States Code, Sections 2251(a)

and (e). Count 4 charges Defendant with **Possession of Child Pornography** in violation of Title

18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). Defendant, by entering this plea,

agrees that he is waiving any right to have the facts that the law makes essential to the punishment

either charged in the indictment/information, or proved to a jury or proven beyond a reasonable

doubt.

## Punishment Range

2.      The **statutory** maximum penalty for the violation of Title 18, United States Code, Section 2252A(a)(2)(B) is imprisonment of not less than five years and not more than 20 years and a fine of not more than $250,000; for the violation of Title 18, United States Code, Section 2251(a) is imprisonment of not less than 15 years and not more than 30 years and a fine of not more than $250,000; and for the violation of Title 18, United States Code, Section 2252A(a)(5)(B) is imprisonment of not more than 10 years and a fine of not more than $250,000. With a conviction for Counts One (1) and Four (4), there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim. Additionally, with a conviction for Count Two (2), there is mandatory restitution under Title 18, United States Code, Section 2259. Furthermore, under Counts One (1), Two (2), and Four (4), Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment

in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4.    Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

5.    Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

    (a)    $17,000.00 if the Defendant is convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

    (b)    $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251 (d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

    (c)    $50,000.00 if the Defendant is convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography.

The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

**Immigration Consequences**

6.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Cooperation**

7.     The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in Paragraph 23 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

8.     Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant,

4

including but not limited to materials related to child exploitation and crimes of violence. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

9.      Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction

5

and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks Choose an item. conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

10.    Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

11.    In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are

"effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

12. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

13. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts One, Two and Four of the Superseding Criminal Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Superseding Criminal Indictment at the time of sentencing. The Defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

14. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the Superseding Criminal Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind

7

any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

15.     The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

16.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties'

positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

17.     Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his r attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

18.     Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One, Two, and Four of the Superseding Criminal Indictment. If this case were to proceed

to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On or around July 15, 2024, FBI Online Covert Employee 10655 was operating in an undercover capacity within a Child Sexual Abuse Material ("CSAM") trading room on the internet-based application, Teleguard. On that date, OCE 10655 observed user, Charliepapa22, ID: VR7P35JV9, distribute one video along with a message, "Real dad here this is me and my daughter." The video is approximately 20 seconds in length and depicts an adult male rubbing his penis on an approximately 4-year-old female's ("Minor Victim 1") vagina until ejaculation. On the same date, OCE 10655 engaged in a direct messaging conversation with Charliepapa22. Charliepapa22 confirmed that he was the adult male depicted in the video and that the female was his daughter.

The direct messaging conversation continued on or around July 16, 2024. Charliepapa22 stated that his daughter was 4 years old and that Charliepapa22 was a 27-year-old male who resides in Texas. Charliepapa22 went on to state that his daughter made a possible disclosure of sexual abuse to Charliepapa22's sister in Charliepapa22's presence, but that his sister "didn't think much of it". Charliepapa22 further stated that he has been sexually abusing his daughter since she was four-months old and currently shares custody of her.

On July 17, 2024, to ascertain Charliepapa22's identity, OCE 10655 sent Charliepapa22 a URL, which had a publicly available IP address grabber embedded in the URL. OCE 10655 sent the URL at approximately 9:25pm Eastern time, to which Charliepapa22 indicated that he clicked on the link. OCE 10655 was able to observe one AT&T Wireless IP address (107.116.165.133), and a one iCloud Private Relay (146.75.164.249) registered on the IP address grabber. The iCloud Private Relay IP address geolocated to Houston, Texas. The person who clicked on the URL possessed an iPhone based on the advance log information provided by the IP grabber.

On July 17, 2024, in the same CSAM trading room, OCE 10655 observed Charliepapa22 distribute a second video along with a message, "4yo daughter & me…Anyone else actively do it?". The video is approximately 16 seconds in length and depicts what appears to be the same adult male and same 4-year-old female child. The child is sleeping nude from the waist down and the adult male in the video rubs his erect penis against the child's nude butt. The male then moves the camera to record a display of the child's vagina.

On July 18, 2024, in order to identify user Charliepapa22, FBI Albany (New York) sent a Letterhead Memorandum (LHM) to Teleguard located in a foreign country for information associated with the "Charliepapa22" account. Teleguard maintains push tokens for its users. On July 31, 2024, in response to the LHM, Teleguard provided push token information for user Charliepapa22. The information provided:

D: VR7P35JV9
ios
CallPushToken:
86cb6564073ed17eb2f2a55c8561d531956c991a0b727dca52bbe2974e6f62cb
Push Token:
86fcf72d671969f752aea20face3f7ef912be51b5f96dd139b7c8459a09ecb63
Last entry: 24.07.2024 13:43:16

On July 31, 2024, FBI Albany sent an exigent request to Apple based on the above information for the push token A. On the same date, Apple honored the exigent request and provided subscriber information for the underlying user associated with the push token. The Apple subscriber information provided:

DERRICK BARNUM
218 Sycamore Street
Metairie, Louisiana 70005
Apple ID: derrickabarnum@icloud.com

Open-source database checks revealed the following updated information for "DERRICK BARNUM":

DERRICK ALEXANDER BARNUM
Address: 9323 Deer Crossing Dr Jonesboro, GA, 30236-5195
DOB: 9/2/1999

The information was shared with the FBI Atlanta, GA Division for possible location of Barnum. FBI Atlanta obtained exigent mobile locator results from AT&T of phone number 470-696-6499, which Apple reported as belonging to Barnum. The mobile locator results from AT&T showed that phone number 470-696-6499 was in Houston, Texas. The FBI Atlanta Division also submitted an exigent request to Apple for the push token. In response, Apple provided more detailed subscriber records for the push tokens than those that were received by FBI Albany.

The Apple subscriber results still showed the subscriber as Barnum. There were also several IP addresses contained in the new Apple subscriber records. The FBI Albany Division selected two IP addresses resolving to Comcast Communications. Both IP addresses were captured by Apple on July 31, 2024, to represent a current location of Barnum. FBI Albany requested subscriber information from Comcast on an exigent basis from Comcast for IP addresses 76.30.218.126 on 2024-07-31 08:52:27.561 PDT and 2601:2c1:c47e:4e00:504d:473b:b062:959a on Wed Jul 31 14:45:42.694 PDT 2024. Comcast provided the subscriber as:

Lisa Barnum
234 North Sampson Street
Houston, TX 77003

Per review of social media profiles and other open-source checks, FBI discovered that Barnum and his ex-wife, Hailey Duffy (herein referred to as DUFFY) share a minor relative. Barnum's Facebook page (derrick.barnum.7) showed an infant girl and was dated, December 8, 2020, consistent with the current age of the 4-year-old minor relative. On or about August 1, 2024, FBI Jacksonville Pensacola Resident Agency interviewed DUFFY and provided sanitized photographs taken from the videos mentioned above. DUFFY believed the child in the sanitized photographs were of the 4-year-old-minor relative. DUFFY specifically identified the black tank top seen on the child in the sanitized photographs as matching a black tank DUFFY saw on the minor relative during Facetime calls. DUFFY confirmed the phone number used to communicate with Barnum was phone number 470-696-6499.

On August 1, 2024, FBI Special Agents and Task Force Officers executed a residential search warrant at 234 N. Sampson Street, Houston, Texas 77003. Houston, Texas is within the jurisdictional boundaries of the Southern District of Texas. A green iPhone and black tablet device were found on the property. During execution of the search warrant, agents were able to conduct a post- Miranda interview with Barnum. During the interview, Barnum provided the following information: Barnum's date of birth is September 2, 1999; his telephone number is (470) 696-6499; and his email is derrickabarnum@icloud.com. Barnum has a sister, Lesa, who lives in Louisiana. Barnum admitting to staying at Lesa's boyfriend's house in Houston, Texas. Lesa's boyfriend's name is "Greg," and owns the residence at 234 N. Sampson Street, Houston, Texas 77003.

Barnum admitted to having an ex-wife named DUFFY, with whom he shares a four-year-old minor relative. DUFFY lives in Florida; therefore, they usually drive and meet halfway. Barnum was expected to leave Houston, Texas on August 2, 2024, to drive and meet DUFFY halfway to pick up the minor relative. Barnum usually takes the minor relative to Louisiana and stays there with her and his sister, Lesa. When Barnum does not have the minor relative, he stays at 234 N. Sampson Street, Houston, Texas by himself. Barnum remembered being at this residence the week of July 15th because he did not have the minor relative that week. Barnum remembered he had the minor relative in Louisiana the prior week.

A forensic review was performed on Barnum's seized phone, which was subsequently reviewed by FBI Special Agent Thelma Donchig. The phone contained approximately 447 images saved to the device. Approximately 500 additional images were found saved in an end-to-end encryption chat on Teleguard. The phone contained approximately 259 videos, of which approximately 27 videos depicted Barnum molesting Minor Victim 1, who was approximately three years old at the time. Barnum's face is visible in several of the videos, as he pans from Minor Victim 1 to his face. The other videos include a received video of another male and his (presumed) child engaged in an oral sexual act, dated July 30, 2024. All referenced images and videos depicted children engaged in sexually explicit conduct, including oral, anal and vaginal penetration, masturbation, sadistic and masochistic conduct, and the lewd and

lascivious exhibition of the genitals. The images and videos were still on Barnum's phone as of the date of the phone's seizure on August 1, 2024.

The investigation revealed that Barnum created and transmitted the videos of Minor Victim 1 from on or about July 11, 2024, through on or about August 1, 2024. Barnum used Minor Victim 1 to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct, some in the Southern District of Texas (Houston, Texas) and Eastern District of Louisiana (Metairie, Louisiana). Production of child pornography offenses are continuing offenses in the Southern District of Texas because the images and video were located here. *See* 18 U.S.C. § 3237(a) ("[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Any offense involving the use of the mails, transportation in interstate or foreign commerce…is a continuing offense and… may be inquired of and prosecuted in any district from, through, or into which such commerce…moves.")

Further, Barnum's electronic devices, notably his green iPhone, were manufactured outside of the states of Texas and Louisiana. Consequently, the phone at issue to distribute, produce and possess the child pornography must necessarily have traveled in interstate or foreign commerce.

Finally, Barnum utilized the Internet, which is a means and facility of interstate foreign commerce, to distribute and possess child pornography.

**Breach of Plea Agreement**

19.     If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

20.     Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

21.     Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 9 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

**Restitution**

22.     Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2).  Defendant understands that the amount is to be no less than $3,000.00 per victim.  Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable

immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

## Forfeiture

23. As part of this plea agreement, Defendant agrees to the following:

    (a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation, including but not limited to the following specific assets:

    A green iPhone associated with phone number (470) 696-6499 and referenced in search warrant filed under Case No. 4:24-mc-06522

    A black tablet device collected pursuant to search warrant filed under Case No. 4:24-mc-06493, with a white sticker identifying device as "DFI-2024-00129";

    (b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

    (c) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

## Financial Statement

24. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

25. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Notification of the Sex Offender Registration and Notification Act

26. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

### Complete Agreement

27. This written plea agreement, consisting of 19 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement

supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ~~Houston~~ , Texas, on April 11 , 2025.

Derrick Alexander Barnum
Defendant

Subscribed and sworn to before me on April 11 , 2025.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: M. Flores

Deputy United States District Clerk

APPROVED:

Nicholas J. Ganjei
United States Attorney

By:

Anthony R. Franklyn
Assistant United States Attorney
Southern District of Texas

Alain Jayoma
Attorney for Defendant

17

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:24-CR-00444 |
| | § | |
| DERRICK ALEXANDER BARNUM | § | |
| Defendant. | § | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Superseding Criminal Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _____4/11/2025_____
Alain Jayoma                                           Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment/information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines

18

Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_Derrick Barnum_       _4-11-2025_
Derrick Alexander Barnum        Date
Defendant